### *EX PARTE* BOMAR *ET AL.*
### *IN RE JENKINS' ESTATE*

#### (131 S. E., 771)

1. Executors and Administrators—Where Relative is Permitted to Live in Family, Without Manifest Intention to Charge Him for Board, His Estate Cannot Afterwards be Called on to Pay for It.—When a relative has been permitted to live in family as a friend, without manifest intention to charge him for his board, his estate cannot afterwards be called on to pay for it.

2. Executors and Administrators—Presumption That There Was no Agreement or Contract That Aunt Living With Niece Was to Pay for Board and Services.—Where aged aunt had lived with niece, presumption is against agreement or contract that aunt was to pay for board and services.

Before Mauldin, J., Greenville, January, 1925. Affirmed.

Proceeding for the allowance of claims of Dora Bomar and another against the Estate of Matilda C. Jenkins. From a judgment for the estate, claimants appeal.

The decree of the Circuit Court is as follows:

This matter originated in the Probate Court of Greenville in a proceeding in settlement of the estate of an intestate,

one Matilda Jenkins, who left, from a once considerable estate, a small remnant which, when estimated in dollars and cents after its reduction to cash, is approximately $1,500. This remnant is the subject-matter of contention as presented to this Court through exceptions filed in behalf of Mrs. O. K. Bomar, through her attorneys, Messrs. Martin & Blythe, and whose claim is pressed in the sum of $6,888; and also exceptions filed in behalf of Mrs. Alice Goddard, through her attorney, Mr. H. K. Townes, and whose claim is likewise pressed to the extent of $1,558.

These exceptions question the correctness of an order *in re* this estate made and filed by Mrs. Fannie C. Scott, Judge of Probate for Greenville County, on September 29, 1923, by which order the Probate Court held in next to the concluding paragraph thereof: "It is my judgment that neither one of these claims measure up to the requirements of law, and they are therefore disallowed."

The several exceptions filed herein on behalf of each claimant have been carefully noted and considered. I have read carefully the testimony taken before the Probate Judge and presented as a part of the record in this case, and I shall consider the whole cause *de novo* in an earnest effort to reach a conclusion that shall reflect the justice thereof, applying those principles which have been the guides of our Courts wherein precedents have been established and to which precedents rigid adherence has been observed.

It appears that both Mrs. Bomar and Mrs. Goddard were nieces of the deceased, Matilda Jenkins. As such, they both come within the purview of the rule long followed as just in its application and conducive to the orderly administration and preservation of an estate whose owner has passed from life without leaving provisions by last will and testament for the disposition of that estate. Long ago it was announced that: "When a relative has been permitted to live in a family as a friend, without an intention manifested to charge him for his board, he cannot after-

wards be called upon to pay for it. What was originally a gratuity cannot be converted into a debt." *Schnell v. Schroder,* Bailey's Equity, 334. This is but the reanunciation of a principle theretofore recognized and thereafter consistently followed. In the comparatively recent case of *Kaminer v. Kaigler,* 113 S. C., 222, the same principle is reasserted, as well as in the still later case of *Brabham v. Turner et al.,* 118 S. C., 30, where a claim against an executor was allowed, yet the same principle was distinctly recognized. In the last-cited case a definite agreement "when the deceased came to live with the claimant" was established, and that definite agreement was, moreover, ratified over and over again. I shall not undertake to review all the cases that might prove pertinent to the issue here involved, many of which are interesting in a concrete study of the proposition; but, where there is evidence in this case is stretched against the rule fixed by the law, I am persuaded that it does not show that, either as between the intestate and Mrs. Bomar, or as between the intestate and Mrs. Goddard, at the times the relationship between Miss Matilda Jenkins and these claimants or either of them was commenced, the intestate intended to and did assume a legal obligation to these claimants, or to either of them. The presumption being against such an agreement or contract, the evidence here does not measure up to the requirements, in that it falls short of presenting that quality of proof which must be "direct, clear, and positive—especially so when the claim is against the estate of an intestate (or testate) relative—so as to leave no doubt as to the understanding and intention of the parties."

Grant, as we may (and I think the evidence fully warrants that construction) that these ladies (the claimants herein) were actuated in the conduct towards this intestate primarily by considerations of the natural love and affection they then entertained for their aunt—to interpret the testimony as warranting any other conclusion would, to my mind, con-

travene its true significance. I cannot find in this record sufficient ground whereon, in compliance with the rule of law, either of these claims can be sustained. I am constrained, therefore, to hold that the Probate Judge was right in her conclusions, and the exceptions herein filed both on behalf of Mrs. O. K. Bomar and Mrs. Alice Goddard, claimants, appellants herein, should be overruled, and it is so ordered.

*Mr. Henry K. Townes,* for appellant, *Mrs. Alice Goddard,* cites: *Insane person liable quasi ex contractu for necessaries:* 11 Rich., 178; 8 Rich. Eq., 286; 3 Brev., 389; 1 Treadway, 448; 22 Cyc., 1200. *Case distinguished:* 38 S. C., 165. *Service rendered presumed not gratuitous between aunt and niece:* 40 Cyc., 2823. *Liability of estate for nursing decedent during last illness:* 36 S. C., 118; Dudley, 337.

*Messrs. Martin & Blythe,* for appellant, *Dora Bomar,* cite: *Presumptions as to intention to charge for services rendered; near relatives:* 129 S. C., 11. *Agreement to pay daughter for services enforceable:* 4 DeS. Eq., 185. *Surrounding circumstances showing services not gratuitous:* 118 S. C., 30; 80 S. C., 157; Cheves Eq., 167. *Surrounding circumstances showing services gratuitous:* 103 S. C., 370; 38 S. C., 158; 34 S. C., 255. *Moral right to remuneration for services to aged relative:* 129 S. C., 11.

*Messrs. Bonham, Price & Poag,* for respondent, cite: *Insufficient evidence of intention to pay for services rendered:* 131 S. C., 414; 127 S. E., 719.

March 2, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This being a law case and having been decided by the Probate Court and Circuit Court against the contention of the appellants, and the reasons assigned by his Honor, Judge

Mauldin, being satisfactory to us, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE COTHRAN disqualified.